**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

DONALD WINNETT                                                                      PLAINTIFF
ADC #139544

V.                                              NO: 2:10CV00106 DPM/HDY

DANNY BURL *et al.*                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P.

Marshall Jr. Any party may serve and file written objections to this recommendation. Objections

should be specific and should include the factual or legal basis for the objection. If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection. An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations. The copy will be furnished to the opposing party. Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

     1.     Why the record made before the Magistrate Judge is inadequate.

     2.     Why the evidence proffered at the hearing before the District
              Judge (if such a hearing is granted) was not offered at the
              hearing before the Magistrate Judge.

     3.     The detail of any testimony desired to be introduced at the

> hearing before the District Judge in the form of an offer of
> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff filed this complaint on July 26, 2010, and an amended complaint on August 10,

2010, alleging that he was denied adequate medical care for a rash and an ingrown toenail.[1]

Following a March 28, 2011, pre-jury evidentiary hearing, motions for summary judgment, briefs

in support, and statements of fact, have been filed by Defendants Wendy Kelley (docket entries

#136-#138), and Geraldine Campbell, Chiquita Davis, Marybeth Floyd, Walter Holloway, and

Crystal Sims (docket entries #139-#141). Plaintiff has filed a fact statement (docket entry #143),

a letter (docket entry #144), an affidavit (docket entry #146), a response (docket entry #149), and

a brief in support (docket entry #153). Plaintiff has also filed a number of exhibits relating to

problems beginning in June of 2011 (docket entry #155).

### I.  Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[1]Plaintiff referenced other complaints such as back pain and headaches, but the gravamen
of Plaintiff's complaint is his allegation of inadequate medical care for his rash and ingrown toenail.

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

In both motions, Defendants contend that Plaintiff's complaint should be dismissed due to his failure to exhaust his administrative remedies before he filed this lawsuit. Because Plaintiff failed to exhaust his administrative remedies with respect to the claims he has raised in this lawsuit before he filed it, the motions should be granted.

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Wendy Kelley

In support of her motion for summary judgment, Kelley has provided an affidavit from Tiffanye Compton (docket entry #136-1), the ADC's inmate grievance supervisor.  According to Compton, Plaintiff did not exhaust any grievances regarding wrongdoing by Kelley before he filed this lawsuit.  In response (docket entry #144), Plaintiff apparently concedes that he did not name Kelley in a grievance, and appears to agree to her dismissal (docket entry #144, pages #1 & #2).  Regardless, Arkansas Department of Correction ("ADC") policy requires a grievance to be specific as to the personnel involved (docket entry #136-2, page #5).  That requirement is on the grievance form itself (docket entry #136-2, page #18).  The question of whether proper exhaustion has been achieved turns on the specifics of the prison policy.  *Jones v. Bock*, 549 U.S. 199, 218 (2007).  Because Plaintiff has not properly exhausted any grievance against Defendant Kelley, her motion for summary judgment should be granted.

Defendants Campbell, Sims, Davis, Holloway, and Floyd

Defendants Campbell, Sims, Davis, Holloway, and Floyd, also assert that Plaintiff failed to exhaust his administrative remedies against them regarding the issues in this complaint before he filed it.  According to Campbell, Sims, Davis, Holloway, and Floyd, Plaintiff has filed three grievances regarding the issues in this lawsuit, EA-10-1118, EA-10-1022, and EA-10-1213.[2]  All of the grievances were exhausted on October 20, 2010, almost three months after Plaintiff filed his lawsuit.  At the hearing, Plaintiff indicated he did not exhaust grievances regarding his rash and toenail before he filed his lawsuit because of the time it takes to achieve exhaustion.

---

[2]Copies of all grievances were provided by Kelley as attachments to her motion (docket entry #136), and grievances EA10-1118 and EA-10-1213 were introduced as exhibits at the pre-jury hearing.

4

In response, Plaintiff suggests that there is no grievance procedure for medical claims because it involves a private company, and not the ADC (docket entry #143).  However, it is clear from the record that medical claims may be grieved, that Plaintiff did in fact grieve and exhaust such claims, but that he failed to do so before he filed this lawsuit.  Plaintiff has failed to contradict Defendants' statements that grievances EA-10-1118, EA-10-1022, and EA-10-1213, are the grievances that he exhausted regarding the issues in this complaint, and he has not offered evidence of any other exhausted grievances regarding his rash or toe problems.  Because Plaintiff failed to exhaust his administrative remedies against Defendants Campbell, Sims, Davis, Holloway, and Floyd, regarding the issues in his complaint, *before* he filed this lawsuit, their motion for summary judgment should also be granted.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      The motions for summary judgment filed by Defendants Wendy Kelley (docket entry #136), and Gearaldine Campbell, Crystal Sims, Chiquita Davis, Walter Holloway,  and Marybeth Floyd (docket entry #139) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2.      All other pending motions be DENIED AS MOOT.

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   3   day of August, 2011.

_____
UNITED STATES MAGISTRATE JUDGE