IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

DONALD WINNETT                                                                                          PLAINTIFF
ADC #139544

V.                                       NO: 2:10CV00106 DPM/HDY

DANNY BURL *et al.*                                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the

>    hearing before the District Judge in the form of an offer of
>    proof, and a copy, or the original, of any documentary or
>    other non-testimonial evidence desired to be introduced at
>    the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>    Clerk, United States District Court
>    Eastern District of Arkansas
>    600 West Capitol Avenue, Suite A149
>    Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff filed this complaint on July 26, 2010, and an amended complaint on August 10, 2010, alleging that he was denied adequate medical care. On October 12, 2011, Judge Marshall adopted in part the undersigned's recommendation that Plaintiff's complaint be dismissed due to his failure to exhaust his administrative remedies with respect to his rash and ingrown toenail problems before he filed this lawsuit (docket entry #175). However, Judge Marshall declined to adopt the recommendation that Plaintiff's claims against Defendants Geraldine Campbell, Crystal Sims, Chiquita Davis, Walter Holloway, and Marybeth Floyd, be dismissed. Specifically, Judge Marshall remanded the matter to the undersigned for consideration of grievance EA-10-975, filed on May 27, 2010, and highlighted in Plaintiff's objections to the dismissal recommendation.

Pursuant to Judge Marshall's instructions, the undersigned entered an order on October 14, 2011, directing Defendants to file a supplement to their motion for summary judgment within 14 days, and further directing Plaintiff to file his response to Defendants' supplement no later that 14 days after it was filed (docket entry #177). On October 28, 2011, Defendants filed a supplemental

statement of facts (docket entry #182). Plaintiff filed a response on November 7, 2011 (docket entry #185). Plaintiff also filed a motion for summary judgment, a statement of facts, and an affidavit (docket entries #179-#181). Defendants filed a response to Plaintiff's statement of facts on November 3, 2011 (docket entry #183).

As Defendants note in their supplemental statement of facts, grievance EA-10-975 did not receive a response from the infirmary until July 27, 2010, the day after Plaintiff filed his complaint. That response was attached to Plaintiff's amended complaint (docket entry #8, page #23). The affidavit of grievance investigator Sherrie Williams, which was provided by Defendants, indicates that grievance EA-10-975 was not appealed (docket entry #182-1). Irrespective of any appeal, it is clear that if the infirmary did not respond until after this lawsuit was filed, the grievance was not exhausted before this lawsuit was filed.[1] Although Plaintiff has filed his own motion for summary judgment, and various other papers, he has not demonstrated that grievance EA-10-975 was properly exhausted before he filed this lawsuit.

Although it is clear that grievance EA-10-975 was not exhausted before this lawsuit was filed, Plaintiff has highlighted other grievances that he claims should demonstrate proper exhaustion. Specifically, Plaintiff cites grievances EA-09-1692, EA-09-1696, EA-10-36, EA-10-184, EA-10-187, and EA-10-720.

Documents pertaining to grievances EA-09-1692 (docket entry #2, page #32), EA-09-1696 (docket entry #79, page #27), EA-10-36 (docket entry #2, page #31), EA-10-184 (docket entry #2, pages #33, #70, & #72), EA-10-187 (docket entry #2, pages #66 & #68), and EA-10-720 (docket

---

[1] According to Williams, if the inmate is dissatisfied with the medical response, he may appeal to the deputy director, Wendy Kelley. Kelley's decision is the final step in the medical grievance process.

entry #7 pages #28-#31), are part of the record. According to Plaintiff's amended complaint, which was filed on August 10, 2010, the rash had been an issue for over five months (docket entry #8, page #7). Plaintiff's original complaint indicates that the medical problems actually began in May of 2010 (docket entry #2, page #5). Plaintiff's ingrown toenail problems apparently began in late April of 2010 (docket entry #2, page #26). Thus, the conditions at issue in this case began about March of 2010 at the earliest. Grievances EA-09-1692, EA-09-1696, EA-10-36, EA-10-184, and EA-10-187, were filed in either 2009, or January of 2010, and therefore could not have concerned the issues in this case.[2] Grievance EA-10-720 was rejected by Kelley on July 2, 2010, as being untimely. Even if the grievance had been timely, the grievance itself does not reference Plaintiff's rash or toenail problems but concerns medications prescribed for other conditions. Plaintiff does mention his rash, as well as other issues, in the appeal of that grievance, but apparently did not make his rash problems the subject of a separate grievance. Thus, none of the additional grievances Plaintiff cites demonstrate exhaustion of his claims regarding his rash or toenail, and Defendants are entitled to summary judgment. Plaintiff's motion for summary judgment is based on his contention that the various additional grievances he has exhausted entitle him to summary judgment. As discussed above, the cited grievances cannot be relied upon to establish proper exhaustion, much less to demonstrate success on the merits of the case. Accordingly, Plaintiff's motion should be denied.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.   The motion for summary judgment filed by Defendants Gearaldine Campbell, Crystal Sims, Chiquita Davis, Walter Holloway, and Marybeth Floyd (docket entry #139) be GRANTED,

---

[2]Additionally, the early grievances appear to relate to Plaintiff's complaints that he was not receiving on person medications for relief of conditions other than his rash or toenail problems.

and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

    2.    All other pending motions be DENIED.

    3.    The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __15__ day of November, 2011.

                                                UNITED STATES MAGISTRATE JUDGE